UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL E. BURDGE, et al., | : | NO. 1:10-CV-00100 |
| | : | |
| Plaintiffs, | : | |
| | : | **OPINION AND ORDER** |
| v. | : | |
| | : | |
| ASSOCIATION HEALTH CARE MANAGEMENT, INC., | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant's Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction (doc. 5), Plaintiffs' Response in Opposition (doc. 12), and Defendant's Reply (doc. 15), as well as Defendant's Motion for Sanctions (doc. 6), Plaintiffs' Response in Opposition (doc. 11), and Defendant's Reply (doc. 14). For the reasons indicated herein, the Court GRANTS Defendant's Motion to Dismiss in part and DENIES it in part (doc. 5) and DENIES Defendant's Motion for Sanctions (doc. 6).

**I. Background**

Plaintiffs bring this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), the Ohio Consumer Sales Practices Act, O.R.C. § 1345.02(A) (the "Ohio CSPA") and the associated regulations (doc. 2). They assert that the Court has both diversity and federal question jurisdiction (Id.). This

action arises out of telemarketing telephone calls made by or on behalf of Defendant to Plaintiffs, where Defendant called without Plaintiffs' prior consent; failed to state the name of the caller; failed to state the caller's telephone number or address; failed to train the caller's live representative in the maintenance and use of its do-not-call list; failed to state, within the first 60 seconds of the call, that the purpose of the call was to effect a sale; failed to state at the beginning of the call and before making any other statement to or asking any question of Plaintiffs that the caller was soliciting a sale; acted as a telephone solicitor without first having obtained a certificate of registration from the Ohio Attorney General and without first having obtained a surety bond; used a fictitious name that was not properly registered with the Ohio Secretary of State; failed to maintain a record of Plaintiffs' earlier request that the caller place Plaintiffs on the do-not-call list; and/or failed to transmit accurate Caller ID information that would have allowed Plaintiffs to make a do-not-call request (Id.). Plaintiffs specifically point to calls made on the following dates: (1) January 11, 2006; (2) March 29, 2006; (3) September 8, 2006; (4) September 25, 2006; (5) November 7, 2006; (6) January 30, 2007; (7) April 12, 2007; (8) May 7, 2007; (9) May 29, 2007; and (10) January 16, 2008 (Id.). The Court will delve into the specifics of each count as necessary in its opinion below.

Defendant has moved to dismiss the complaint for failure to state a claim and for lack of subject matter jurisdiction (doc. 5). In addition, Defendant moves the Court to impose sanctions on Plaintiffs on the basis that the instant action is frivolous in light of the Court's prior ruling in case number 1:08-CV-509, a case filed by Plaintiffs based on the phone calls at issue here which was dismissed without prejudice by the Court for failure to meet the amount-in-controversy requirement of at least $75,000 (<u>Id</u>.). The motions are ripe and ready for the Court's consideration.

**II. The Motion to Dismiss**

    **A.    Applicable Standards**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to determine whether a cognizable claim has been pled in the complaint. The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." <u>Westlake v. Lucas</u>, 537 F.2d 857, 858 (6th Cir. 1976); <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007). In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state

a claim to relief that is plausible on its face." Courie v. Alcoa Wheel & Forged Products, 577 F.3d 625, 629-30 (6th Cir. 2009), quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

A motion to dismiss is therefore a vehicle to screen out those cases that are impossible as well as those that are implausible. Courie, 577 F.3d at 629-30, citing Robert G. Bone, *Twombly, Pleading Rules, and the Regulation of Court Access*, 94 IOWA L. REV. 873, 887-90 (2009). A claim is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Iqbal, 129 S.Ct. at 1949. Plausibility falls somewhere between probability and possibility. Id., citing Twombly, 550 U.S. at 557. As the Supreme Court explained,

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and

Procedure: § 1357 at 596 (1969).  "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory."  Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969).  The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading.  A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim.  But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

As to the motion to dismiss for lack of subject matter jurisdiction, Plaintiffs bear the burden of showing, by a preponderance of the evidence, that this Court has jurisdiction. See Fed. R. Civ. Pro. 12(b)(1); Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir. 2986).  In contrast to a motion to dismiss made pursuant to 12(b)(6), the Court is empowered to resolve factual disputes when deciding a motion under 12(b)(1). (Id.).

    **B.**    **Discussion**

> **1. The TCPA and the Ohio CSPA claims for failure to identify and for failure to provide a telephone number or address**

Defendant contends that Counts 3-6 must be dismissed because they are not privately enforceable. Specifically, Defendant argues that 47 C.F.R. § 64.1200(d)(4) does not provide for a private cause of action and that the proper remedy is a suit by the state attorney general.

Section 64.1200(d)(4) of title 47 of the Code of Federal Regulations provides, "A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

At base, the question is whether an action for a violation of 64.1200(d)(4) arises under 47 U.S.C. § 227(d) or (b), which boils down to a question of whether the failure of an entity to identify itself and provide its address and phone number is a "technical and procedural" violation. The Court finds that it is such a violation. Section 227(d) reads, in relevant part:

> The Commission shall prescribe technical and procedural standards for systems that are used to transmit any artificial or prerecorded voice message via telephone. Such standards shall require that--
> (A) all artificial or prerecorded telephone messages (i) shall, at the beginning of the message, state clearly the identity of the business, individual, or other entity initiating the call, and (ii) shall, during or after the message, state clearly the telephone number or address of such business, other entity, or individual.

In contrast, in relevant part, Section 227(b) places restrictions on the use of automated telephone equipment and makes it unlawful for anyone to make a call to a residential line using an artificial or prerecorded voice without the prior express consent of the called party. Nothing in subsection (b) addresses the failure to identify the entity or provide the phone number or address of the calling party. Subsection (b), unlike subsection (d), explicitly provides for a private right of action. 47 U.S.C. § 227(b)(3). See also, Burdge v. Association Health Care Management, Inc., 2009 WL 414595 (S.D. Ohio, February 18, 2009).

Plaintiffs assert that the Court's prior decision regarding the existence of a private right of action is not binding on this case, which is arguably true but misses the point. Plaintiffs have provided no compelling legal or factual reason why the Court should upend its previous conclusion. Neither the statute nor the regulations have changed since the Court's 2009 decision. Plaintiffs contend that they have discovered "new support" for their position that the identification regulations were issued under subsection (b) and not subsection (d). This new support appears to be a 1992 report and order issued by the Federal Communications Commission detailing the regulations issued pursuant to the TCPA (doc. 12). In short, Plaintiffs contend that the regulation 64.1200(d)(4), under which Plaintiffs seek relief in Counts 3-6, was initially found within 64.1200(e)(2)(iv) and then

7

later renumbered 64.1200(d)(4) (Id.). Plaintiffs argue that, because 64.1200(e) was not mentioned in the section of the 1992 report and order pertaining to "Technical and Procedural Requirements" and instead is alluded to in the section entitled "Autodialers and Prerecorded Messages," it is "clear" that the regulations set forth in 64.1200(e) were promulgated under 227(b), not 227(d).

The Court is unmoved by Plaintiffs' new support, in part because their portrayal of the report is factually inaccurate. Rather than clearly support Plaintiffs' position, the 1992 report and order clearly cuts against it. In section D of the report, entitled "Technical and Procedural Requirements," paragraph 53 reads, in relevant part, "The TCPA mandates that all artificial or prerecorded telephone messages delivered by an autodialer state clearly the identity of the caller at the beginning of the message and the caller's telephone number or address during or after the message, § 227(d)(3)(A), and we adopt this requirement in our rules, 64.1200(d)." The Court finds that the regulations regarding identification and the provision of a telephone number or address found in 64.1200(d)(4) are technical and procedural in nature and were promulgated pursuant to section 227(d) of the TCPA. Because that section of the TCPA does not contain a private right of action, the Court finds that Plaintiffs' Counts 3-6 must be dismissed for failure to state a claim.

**2. The TSSA claims**

Defendant contends that Plaintiffs' TSSA claims found in Counts 19-22 should be dismissed because they are untimely filed (doc. 5). In response, without citation, Plaintiffs contend that Counts 19 and 21 were asserted in their initial complaint before the Court and are thus preserved by Ohio's savings statute (doc. 12).

The Court has reviewed all 128 counts in Plaintiffs' original complaint and finds that Plaintiffs correctly contend that they asserted claims in that complaint for acting as a telephone solicitor without having first obtained a certificate of registration from the Ohio Attorney General (Counts 25, 42, 53, 64, 79, 89, 109 and 127) such that Count 19 should survive pursuant to Ohio's savings statute. Similarly, Plaintiffs' original complaint did contain claims for acting as a telephone solicitor without first having obtained a surety bond, though the complaint did not specifically cite to Ohio Revised Code §§ 4719.00 and 4719.16 (see Counts 26, 43, 54, 65, 80, 90, 110 and 128). Despite that deficiency, the Court finds that Count 21 should survive pursuant to Ohio's savings statute.

However, Defendant correctly notes that Plaintiffs' earlier complaint did not assert claims either for failure to state within the first 60 seconds of each call that the purpose of the call was to effect a sale, in violation of Ohio Revised Code §

9

4719.06(A)(2) or for acting as a telephone solicitor and intentionally blocking the disclosure of the telephone number from which each call was made, in violation of Ohio Revised Code § 4719.08(1). Therefore, Counts 20 and 22, filed beyond the two-year Ohio statute of limitations, are untimely filed and rightly dismissed.

### 3. Federal Question Jurisdiction

Plaintiffs assert in their complaint that the Court has federal question jurisdiction because the TCPA is a federal law, and, while the TCPA does vest jurisdiction in state courts, it does not divest federal courts of the jurisdiction they enjoy by virtue of that fact (doc. 12, citing 28 U.S.C. § 1331). This Court has previously noted that the TCPA does not provide for federal question jurisdiction because the express terms of the statute indicate that Congress intended TCPA claims to be heard in state courts, not federal courts. Burdge v. Association Health Care Management, Inc., 2009 WL 414595 (S.D. Ohio, February 18, 2009). While Plaintiffs acknowledge that earlier finding and further acknowledge that an unpublished decision from the Sixth Circuit determined the same, Plaintiffs urge the Court to walk through the door opened by a recent Sixth Circuit case and find that the TCPA does give the Court jurisdiction over Plaintiffs' claims. Specifically, Plaintiffs point to Charvat v. GVN Michigan, 561 F.3d 623 (6th Cir. 2009), where the Sixth Circuit, faced with a case

brought in diversity, nonetheless observed in a footnote that a Seventh Circuit 2005 decision and then-Judge Alito's dissent from a Third Circuit 1998 case "raise serious questions" about the view held by the six federal circuits that federal courts do not have federal-question jurisdiction over TCPA claims. <u>Charvat</u>, 561 F.3d at 627, n.2, citing <u>Brill v. Countrywide Home Loans, Inc.</u>, 427 F.3d 446, 450-51 (7th Cir. 2005) and <u>ErieNet, Inc. v. Velocity Net, Inc.</u>, 156 F.3d 513, 521-23 (3rd Cir. 1998).

Defendant counters by pointing the Court to a recent decision by Judge Sargus of this district, who, after considering the cases cited to by Plaintiffs, found that the plain language of the TCPA creates a private right of action in state, but not federal, courts (doc. 15, citing <u>Charvat v. NMP, LLC</u>, 703 F.Supp. 2d 735, 737 (6th Cir. 2010)).

The Court finds that recent law requires that it reconsider its earlier finding that the TCPA does not provide federal-question jurisdiction.  While this issue was an unsettled one in this circuit at the time the parties filed their motions and responses in this matter, it is no longer unsettled.  The Sixth Circuit recently determined that federal question does indeed exist over claims under the TCPA.  See <u>Charvat v. EchoStar Satellite, LLC</u>, —F.3d—, 2010 WL 5392875 (6th Cir., Dec. 30, 2010). There, the court engaged in a thorough analysis of the text of the statute and found that the provisions in the statute expressly authorizing

suits in state court "do not establish that such claims may proceed only in state court–that state court jurisdiction is exclusive. Otherwise, the Act would preclude even federal-diversity jurisdiction...." EchoStar at *4.  It went on, "An express divesting of federal-question jurisdiction over an action filed under a federal law may not be done sotto voce.  If Congress does not want these actions to proceed in federal court, all it needs to do is say so." Id. Noting that the provision providing for state-court jurisdiction "serves the function of foreclosing litigation over whether federal jurisdiction over Telephone Act claims is exclusive," the court held that federal-question jurisdiction under the TCPA exists.  Id. at *5.

Consequently, to the extent Defendant's motion to dismiss is premised on a lack of federal-question jurisdiction, it is denied.

### 4. Diversity Jurisdiction

Having determined that the Court has federal-question jurisdiction over Plaintiffs' TCPA claims, the Court need not determine whether Plaintiffs have sufficiently pled the required amount-in-controversy for diversity jurisdiction.

### C. Conclusion

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss as to Counts 3, 4, 5, 6, 20 & 22 and DENIES it as to the remaining Counts (doc. 5).

**III. The Motion for Sanctions**

In relevant part, Rule 11(b) of the Federal Rules of Civil Procedure reads:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law....Fed. R. Civ. P. 11(b).

Rule 11(c) allows a court to impose an "appropriate sanction" for a violation of the above. Fed. R. Civ. P. 11(c)(1). The test for whether Rule 11 sanctions are warranted is whether the conduct for which sanctions are sought was "reasonable under the circumstances." Ridder v. City of Springfield, 109 F.3d 288, 293 (6th Cir. 1997).

Defendant argues that Plaintiffs' conduct in filing the instant action was unreasonable because the Court, by way of its February 18, 2009, Opinion and Order, dismissed "without prejudice to refiling in state court," a virtually identical case for lack of diversity jurisdiction (doc. 6, citing Burdge v. Association Health Care Management, Inc., 2009 WL 414595 (S.D. Ohio, February 18, 2009)). Defendant notes that, rather than file in state court as directed, Plaintiffs refiled their case here, asserting claims

13

under the TCPA and the Ohio CSPA that the Court previously held were not privately enforceable (Id.).  This, Defendant contends, makes Plaintiffs' claim frivolous and thus subject to sanctions.

The Court disagrees.  Although the Court has dismissed certain of the technical and procedural claims because it has found that Congress did not intend to create a private right of action for such claims, the Court does not find that Plaintiffs' filing of the instant action was taken in bad faith.  On the contrary, Plaintiffs thoughtfully put forth some creative and, by virtue of a recent Sixth Circuit decision, ultimately successful arguments.  The Court cannot find that Plaintiffs' actions under the circumstances were unreasonable.

Therefore, Defendant's Motion for Sanctions is DENIED (doc. 6).

**IV. Conclusion**

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss (doc. 5) and DENIES Defendant's Motion for Sanctions (doc. 6).

SO ORDERED.

Dated: February 2, 2011        /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge